141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan VILLAGRANA, Jr., Esther Villagrana; Antonio
Villagrana; Amada Catalina Villagrana; Juan
Villagrana, Sr.; Aurora Villagrana;
Jerardo Villagrana; Rosalia
Villagrana,
Plaintiffs-
Appellants,
v.
County of Sacramento, a political subdivision of the State
of California; County of Sacramento Board of
Supervisors; James F. Bell; Glen
Craig, Defendants-Appellees.
 No. 97-15173.
D.C. No. CV-95-01501-GEB.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1998.
Decided Mar. 4, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Garland E. Burrell, District Judge, Presiding.
 Before SNEED, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court properly allocated to the plaintiffs the burden of providing factual support for their claims under 42 U.S.C. § 1983. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir.1992). The plaintiffs failed to carry this burden.
 
 
 3
 There was probable cause for the issuance of the warrant to search the Villagrana residence. A confidential informant identified Juan Villagrana, Jr. from a series of photographs as a participant in a drug transaction. This confidential informant had provided assistance to law enforcement officers which had resulted in the issuance of two search warrants, the arrest and conviction of four persons for narcotic offenses and the recovery of large quantities of illegal/controlled substances.
 
 
 4
 The application for the warrant also connected Juan Villagrana, Jr. to the Villagrana residence. Information from the Department of Motor Vehicles indicated that the Villagrana residence was the residence of "Juan Villagrana." In addition, a 1979 Chevrolet registered to "Juan M. Villagrana" had been observed at the Villagrana residence, and the utilities for that residence were subscribed in the names of "Antonio and Juan Villagrana."
 
 
 5
 In view of the confidential informant's photo identification of Juan Villagrana, Jr. as a drug dealer, and the evidence that connected him to the Villagrana residence, it could reasonably be inferred that he was a drug dealer who resided at the Villagrana residence. We have held that "[i]n the case of drug dealers, evidence is likely to be found where the dealers live." United States v. Argulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986). In these circumstances, probable cause existed for the search of the Villagrana residence.
 
 
 6
 With regard to the Villagranas' claim that execution of the warrant was unreasonable, they presented no evidence that any of the defendants named in their complaint participated in the search. Accordingly, their claim against the defendants in this case for the alleged unreasonable execution of the warrant fails. See Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir.1996).
 
 
 7
 The Villagranas also failed to present evidence that the County of Sacramento or its Board of Supervisors or any other official adhered to a policy, practice or custom that resulted in the alleged improper search of the Villagranas' residence. Accordingly, their claim of section 1983 liability based upon a municipal policy, practice or custom also fails. See Pierce v. Multnomah County, 76 F.3d 1032, 1039 (9th Cir.1986).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3